UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARIE C.,[1]

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

6:23-CV-6153-LJV
DECISION & ORDER

On March 8, 2023, the plaintiff, Marie C. ("Marie"), brought this action under the Social Security Act ("the Act"). Docket Item 1. She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2] *Id.* On July 10, 2024, Marie moved for judgment on the pleadings, Docket Item 16; on November 6, 2024, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 21; and on November 20, 2024, Marie replied, Docket Item 22.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Marie applied for Disability Insurance Benefits ("DIB"). One category of persons eligible for DIB includes any adult with a disability who, based on her quarters of qualifying work, meets the Act's insured-status requirements. *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989).

For the reasons that follow, this Court grants Marie's motion in part and denies the Commissioner's cross motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

2

more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.   THE ALJ'S DECISION

On November 3, 2021, the ALJ found that Marie had not been under a disability from December 1, 2013, her alleged onset date, through March 31, 2015, her date last insured.  *See* Docket Item 8-2 at 27.  The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a).  *See id.* at 18–19.

At step one, the ALJ found that Marie did not engage in substantial gainful activity from December 1, 2013, through March 31, 2015.  *Id.* at 19.  At step two, the ALJ found that Marie suffered from five severe, medically determinable impairments: "degenerative disc disease of the cervical spine and of the lumbar spine; migraine headaches; gastroesophageal reflux disease (GERD); dysphagia; and asthma."  *Id.* at 20.

At step three, the ALJ found that Marie's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See id.* at 21.  More specifically, the ALJ found that Marie's impairments did not meet or medically equal listings in sections 1.00

(musculoskeletal disorders), 3.00 (respiratory disorders), 5.00 (digestive system disorders), or 11.00 (neurological disorders).  *Id.* at 22.

The ALJ then found that Marie had the residual functional capacity ("RFC")[4] to "perform light work as defined in 20 C[.]F[.]R[. §] 404.1567(b)" except that:

> [Marie] can sit over 6 hours[] and stand and/or walk for a total of 3 hours, with a sit/stand option that allows for changing position every 60 minutes for up to 5 minutes.  She cannot climb a rope, scaffold, or ladder, cannot balance on narrow, slippery[,] or moving surface[s], and cannot work overhead.  She can occasionally push and pull.  She can tolerate moderate noise as defined in the DOT (office, light traffic, grocery) and standard office lighting.  She can occasionally turn her head greater than 45 degrees—left, right, up[,] and down.  She can tolerate up to occasional exposure to extreme cold, extreme heat, wetness, humidity, and airborne irritants.

*Id.* at 22.

At step four, the ALJ found that Marie could have performed her past relevant work as a medical secretary or office clerk.  *Id.* at 26; *Dictionary of Occupational Titles* 201.362-014, 1991 WL 671668 (Jan. 1, 2016); *id.* at 209.562-010, 1991 WL 671792 (Jan. 1, 2016).  The ALJ therefore found that Marie had not been under a disability from December 1, 2013, through March 31, 2015.  *See* Docket Item 8-2 at 26.

## II.  ALLEGATIONS

Marie argues that the ALJ erred by crafting a highly specific sit/stand limitation that was not supported by substantial evidence.  *See* Docket Item 16-1 at 7–10.  This

---

[4] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis."  SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

Court agrees that the ALJ erred and, because that error was to Marie's prejudice, remands the matter to the Commissioner.

### III.    ANALYSIS

If an ALJ includes a "highly[ ]specific" limitation in a claimant's RFC, that limitation cannot come from whole cloth. *See Tomicki v. Berryhill*, 2018 WL 703118, at *5 (W.D.N.Y. Jan. 11, 2018). In other words, when a medical provider opines about a specific limitation, an ALJ cannot arrive at some lesser specific limitation unless that lesser limitation finds support in the medical record. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Therefore, when a provider opines about a specific sit/stand limitation and the record provides no support for some lesser sit/stand limitation, a finding that a claimant requires some lesser limitation is not supported by substantial evidence. *See Tomicki*, 2018 WL 703118, at *5 ("[T]he record does not support the ALJ's conclusion that [the claimant] needs to briefly switch between sitting and standing only every thirty minutes. The ALJ did not cite any evidence to support this highly[ ] specific sit-stand option. . . . Moreover, there is evidence in the record indicating that [the claimant] needs to change positions every few minutes, not every thirty minutes.").

Here, various medical professionals opined about the specific sit/stand limitations that Marie required. For example, Alfred Grimes, M.D., opined that Marie needed to switch between sitting, standing, and walking at will. Docket Item 8-7 at 274–75. At least two other providers—Chibuikem Akamnonu, M.D., and Anthony Eidelman, M.D.— agreed with Dr. Grimes in that respect. *See id.* at 304–05, 709–10. And those opinions were largely consistent with Marie's testimony that she needed to change positions every twenty to twenty-five minutes. Docket Item 8-2 at 124–25.

Nevertheless, the ALJ found that Marie could perform light work "with a sit/stand option that allows for changing position every 60 minutes for up to 5 minutes." *Id.* at 22. In making that finding, the ALJ did not explain where, if anywhere, that limitation came from.[5] Why the ALJ chose sixty minutes—rather than, say, thirty minutes or an hour and a half—is anyone's guess. How the ALJ determined that a five-minute positional change would suffice—as opposed to three minutes or ten minutes—likewise is unclear. Without any indication as to how the ALJ crafted the limitation, this Court can only conclude that it was cut from whole cloth. And by choosing limitations that were less than the record supported, the ALJ erred. *See Milliken v. Berryhill*, 2017 WL 3208635, at *17 (W.D.N.Y. July 28, 2017) ("The ALJ does not point to any indication in the record as to why this particular duration would permit [the claimant] to finish forty hours of light work in a week."); *Sherylrica Q. v. Comm'r of Soc. Sec.*, 2023 WL 6591754, at *4 (W.D.N.Y. Oct. 10, 2023) ("[The ALJ] did not tie [the] specific limitation to the finding of any provider or, indeed, even suggest where it came from.").

The Commissioner argues that the sit/stand limitation was supported by Marie's testimony and the medical opinion evidence. *See* Docket Item 21-1 at 8–10. And that evidence certainly supported the inclusion of *some* sit/stand limitation in the RFC. But the opinions cited by the Commissioner each found more restrictive sit/stand limitations than those found by the ALJ and included in the RFC. *See id.* at 9 (citing Docket Item

---

[5] The ALJ indicated that the RFC was "supported by . . . the opinions of [Nancy Armstrong, M.D.]." Docket Item 8-2 at 26. But Dr. Armstrong did not opine about any specific sit/stand limitation. *See* Docket Item 8-3 at 24–28. Instead, she found generally that Marie could sit for six hours and stand or walk for two hours in an eight-hour workday with normal breaks. *Id.* So the specific limitation the ALJ found could not have come from Dr. Armstrong's opinion.

6

8-7 at 274, 304, 709).  More specifically, and as noted above, all three physicians found that Marie had to change positions at will—that is, whenever she needed to—not just every hour as the ALJ found.  *Compare* Docket Item 8-7 at 274, 304, 709, *with* Docket Item 8-2 at 22.  And when a medical provider opines about a highly specific limitation, the ALJ may not choose some lesser limitation without a medical opinion or some other evidence that supports that limitation.  *See Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014) (summary order) ("[T]he ALJ was not . . . permitted to arbitrarily substitute his own judgment for competent medical opinion." (internal quotation marks omitted)); *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018) ("[The ALJ] did not assess [the] plaintiff with [the medical opinion's] limitations, and instead opted for a less restrictive, yet very specific, sit/stand limitation.  Without some explanation from [the] ALJ . . . the RFC appears to be based upon her lay analysis of [the] plaintiff's limitations, which is not permitted and requires remand.").  The ALJ did just that here.

The Commissioner also argues that even if the ALJ erred, that error was harmless because the vocational expert testified that Marie could have performed past relevant work even with an at-will sit/stand limitation.  *See* Docket Item 21-1 at 10.  But the vocational expert also testified that if the sit/stand limitation resulted in more than twelve percent time off task, it would be work preclusive.  *See* Docket Item 8-2 at 84.  And because it is not clear from the record how much time off task a more restrictive sit/stand limitation would entail, a different sit/stand limitation may well make a significant difference.  *See Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) ("[T]he vocational expert's opinion on whether there were jobs [the claimant] could perform varied depending on how the [limitation] was defined.").

In sum, the ALJ erred in formulating a specific sit/stand limitation without explaining where, if anywhere, that limitation came from. *See Tomicki v. Berryhill*, 2018 WL 703118, at *5 (W.D.N.Y. Jan. 11, 2018). And because that error was not harmless, remand is required. *See Tara W. v. Comm'r of Soc. Sec.*, 2021 WL 4316824, at *4 (W.D.N.Y. Sep. 23, 2021).

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 21, is DENIED, and Marie's motion for judgment on the pleadings, Docket Item 16, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   February 11, 2026
         Buffalo, New York

                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE